CLOSED,FirstStepAct,FirstStepAct–CR,M

# U.S. District Court
## District of Maryland (Greenbelt)
## CRIMINAL DOCKET FOR CASE #: <u>8:18–cr–00463–PWG</u> All Defendants

Case title: USA v. Zhang

Date Filed: 09/06/2018
Date Terminated: 12/10/2019

Assigned to: Judge Paul W. Grimm

Appeals court case number:
19–4942 USCA

**Defendant (1)**

| | | |
|---|---|---|
| **Ming Zhang**<br>*TERMINATED: 12/10/2019* | represented by | **Marc Gregory Hall**<br>Law Office of Marc G. Hall, P.C.<br>7474 Greenway Center Drive<br>Suite 150<br>Greenbelt, MD 20770<br>2402053041<br>Fax: 13013130438<br>Email: mghlaw@mac.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371 CONSPIRACY TO TRANSPORT STOLEN FUNDS (1) | IMPRISONMENT for a total term of 18 months as to Count 1; SUPERVISED RELEASE for a term of 3 years; ASSESSMENT $100.00; RESTITUTION $1,046,560.00; AMENDED JUDGMENT – IMPRISONMENT for a total term of time served, upon completing a 14–day quarantine concluding with a negative COVID–19 test; SUPERVISED RELEASE for a term of 3 years; ASSESSMENT $100.00; RESTITUTION $1,046,560.00 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

1

None

**Complaints**                                              **Disposition**

None

___

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Erin Baxter Pulice** |
| | | U.S. Attorney's Office for the District of Maryland |
| | | 6500 Cherrywood Lane, Suite 200 |
| | | Greenbelt, MD 20770 |
| | | (301) 344–0217 |
| | | Fax: (301) 344–4516 |
| | | Email: erin.pulice@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |

**Molissa Heather Farber**
US Attorney's Office
District of MD
36 S Charles St
4th Fl
Baltimore, MD 21201
4102094862
Fax: 4109622310
Email: molissa.farber@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/06/2018 | 1 | 9 | INFORMATION as to Ming Zhang (1) count(s) 1. (jf3s, Deputy Clerk) (Entered: 09/07/2018) |
| 09/07/2018 | 3 | | NOTICE OF ATTORNEY APPEARANCE: Marc Gregory Hall as CJA Appointment appearing for Ming Zhang(Hall, Marc) (Entered: 09/07/2018) |
| 09/07/2018 | | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Ming Zhang. PLEASE NOTE: Defendant is not in custody. A writ has not been requested. A come up has not been requested. An interpreter will not be needed. Rearraignment set for 9/11/2018 01:00 PM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Judge Paul W. Grimm.(Pulice, Erin) (Entered: 09/07/2018) |
| 09/11/2018 | 4 | | WAIVER OF INDICTMENT by Ming Zhang(ss5s, Deputy Clerk) (Entered: 09/11/2018) |

| 09/11/2018 | 5 | | Arraignment as to Ming Zhang (1) as to Count 1 of the Information held on 9/11/2018, Initial Appearance as to Ming Zhang (Defendant informed of Rights.) held on 9/11/2018, Guilty Plea entered by Ming Zhang (1) as to Count 1 of the Information Ming Zhang (1) before Judge Paul W. Grimm.(Court Reporter: Linda Marshall–4B) (ss5s, Deputy Clerk) (Entered: 09/11/2018) |
| --- | --- | --- | --- |
| 09/11/2018 | 6 | | PLEA AGREEMENT as to Ming Zhang (Attachments: # 1 Attachment A: Stipulated Facts)(ss5s, Deputy Clerk) (Entered: 09/11/2018) |
| 09/11/2018 | 7 | | –SEALED– PLEA SUPPLEMENT as to Ming Zhang (ss5s, Deputy Clerk) (Entered: 09/11/2018) |
| 09/11/2018 | 8 | | Regular Sentencing Order as to Ming Zhang Signed by Judge Paul W. Grimm on 9/11/2018. (ss5s, Deputy Clerk) (Entered: 09/11/2018) |
| 01/17/2019 | 10 | | –SEALED– MOTION to Seal by USA as to Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) (Entered: 01/17/2019) |
| 01/17/2019 | 11 | | SEALED DOCUMENT (Pulice, Erin) Modified on 1/24/2019 (jf3s, Deputy Clerk). (Entered: 01/17/2019) |
| 01/18/2019 | 12 | | –SEALED–ORDER granting 10 Motion to Seal. Signed by Judge Paul W. Grimm on 1/17/2019. (jf3s, Deputy Clerk) (Entered: 01/18/2019) |
| 01/23/2019 | 13 | | PAPERLESS ORDER SCHEDULING TELEPHONE STATUS CONFERENCE as to Ming Zhang ON April 1, 2019 at 8:30AM AND DIRECTING Government counsel to initiate the call to chambers or circulate a conference call number to the parties. Signed by Judge Paul W. Grimm on 1/23/2019. (ats, Chambers) (Entered: 01/23/2019) |
| 01/23/2019 | 14 | | Sealed Document (jf3s, Deputy Clerk) (Entered: 01/23/2019) |
| 04/01/2019 | 15 | | PAPERLESS ORDER RESCHEDULING TELEPHONE STATUS CONFERENCE as to Ming Zhang TO April 2, 2019 at 8:30AM AND DIRECTING Government counsel to initiate the call to chambers or circulate a conference call number to the parties.. Signed by Judge Paul W. Grimm on 4/1/2019. (ats, Chambers) (Entered: 04/01/2019) |
| 04/02/2019 | 16 | | Status Conference as to Ming Zhang held on 4/2/2019 before Judge Paul W. Grimm. (ats, Chambers) (Entered: 04/02/2019) |
| 04/02/2019 | 17 | | PAPERLESS ORDER SCHEDULING TELEPHONE STATUS CONFERENCE as to Ming Zhang on May 15, 2019 at 8:30AM AND DIRECTING Government counsel to initiate the call to chambers or circulate a conference call number to the parties. Signed by Judge Paul W. Grimm on 4/2/2019. (ats, Chambers) (Entered: 04/02/2019) |
| 04/04/2019 | 18 | | Status Conference as to Ming Zhang held on 4/2/2019 before Judge Paul W. Grimm. (ats, Chambers) (Entered: 04/04/2019) |
| 05/15/2019 | 19 | | PAPERLESS ORDER SCHEDULING SENTENCING as to Ming Zhang on August 30, 2019 at 2:00PM. Sentencing memorandum are due on or before August 9, 2019; opposing/responsive memorandum are due on or before August 19, 2019. Signed by Judge Paul W. Grimm on 5/15/2019. (ats, Chambers) (Entered: 05/15/2019) |
| 08/21/2019 | 20 | | |

| | | |
|---|---|---|
| | | –SEALED– MOTION to Seal by USA as to Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) (Entered: 08/21/2019) |
| 08/21/2019 | 21 | SEALED DOCUMENT (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) Modified on 8/22/2019 (jf3s, Deputy Clerk). (Entered: 08/21/2019) |
| 08/22/2019 | 22 | PAPERLESS ORDER GRANTING 20 Motion to Seal as to 21 Proposed Sealed Document as to Ming Zhang (1). Signed by Judge Paul W. Grimm on 8/22/2019. (ats, Chambers) (Entered: 08/22/2019) |
| 08/22/2019 | 23 | Sealed Document (jf3s, Deputy Clerk) (Entered: 08/22/2019) |
| 09/19/2019 | 24 | MOTION to Seal by Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Hall, Marc) (Entered: 09/19/2019) |
| 09/19/2019 | 25 | SEALED DOCUMENT (Hall, Marc) Modified on 10/10/2019 (jf3s, Deputy Clerk). (Entered: 09/19/2019) |
| 09/20/2019 | 26 | PAPERLESS ORDER GRANTING 24 Motion to Seal as to 25 Proposed Sealed Document as to Ming Zhang (1). Signed by Judge Paul W. Grimm on 9/20/2019. (ats, Chambers) (Entered: 09/20/2019) |
| 09/23/2019 | 27 | –SEALED– MOTION to Seal by USA as to Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) (Entered: 09/23/2019) |
| 09/23/2019 | 28 | SEALED DOCUMENT (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) Modified on 10/10/2019 (jf3s, Deputy Clerk). (Entered: 09/23/2019) |
| 09/25/2019 | 29 | PAPERLESS ORDER GRANTING 27 Motion to Seal as to 28 Proposed Sealed Document as to Ming Zhang (1). Signed by Judge Paul W. Grimm on 9/25/2019. (ats, Chambers) (Entered: 09/25/2019) |
| 09/25/2019 | 30 | Sealed Document (jf3s, Deputy Clerk) (Entered: 09/25/2019) |
| 09/25/2019 | 31 | NOTICE OF HEARING as to Ming Zhang Sentencing set for 12/4/2019 02:30 PM in Courtroom 4B, 6500 Cherrywood Lane, Greenbelt, Maryland 20770, before Judge Paul W. Grimm.(ats, Chambers) (Entered: 09/25/2019) |
| 09/25/2019 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Ming Zhang. PLEASE NOTE: Defendant is not in custody. A writ has not been requested. A come up has not been requested. An interpreter for Mandarin was requested on 9/25/2019. Sentencing set for 12/4/2019 02:30 PM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Judge Paul W. Grimm.(Pulice, Erin) (Entered: 09/25/2019) |
| 11/18/2019 | 32 | MOTION for Forfeiture of Property by USA as to Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) (Entered: 11/18/2019) |
| 11/25/2019 | 33 | –SEALED– MOTION to Seal by USA as to Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) (Entered: 11/25/2019) |
| 11/25/2019 | 34 | SEALED DOCUMENT (Pulice, Erin) Modified on 11/26/2019 (jf3s, Deputy Clerk). (Additional attachment(s) added on 12/6/2019: # 1 Attachment) (jf3s, Deputy Clerk). (Entered: 11/25/2019) |
| 11/25/2019 | 35 | |

| | | | |
|---|---|---|---|
| | | | PAPERLESS ORDER GRANTING 33 Motion to Seal as to 34 Proposed Sealed Document as to Ming Zhang (1). Signed by Judge Paul W. Grimm on 11/25/2019. (ats, Chambers) (Entered: 11/25/2019) |
| 12/04/2019 | 36 | | Sentencing as to Ming Zhang held on 12/4/2019 before Judge Paul W. Grimm. (Court Reporter: Linda Marshall–4B) (ss5s, Deputy Clerk) (Entered: 12/04/2019) |
| 12/04/2019 | | | Interpreter Amy Wong sworn in case as to Ming Zhang before Judge Paul W. Grimm.(Court Reporter: Linda Marshall–4B) (ss5s, Deputy Clerk) (Entered: 12/05/2019) |
| 12/10/2019 | 37 | | ORDER granting 32 Motion for Forfeiture of Property as to Ming Zhang (1). Signed by Judge Paul W. Grimm on 12/4/2019. (dg3s, Deputy Clerk) (Entered: 12/10/2019) |
| 12/10/2019 | 38 | 15 | JUDGMENT as to Ming Zhang (1), Count(s) 1, IMPRISONMENT for a total term of 18 months as to Count 1; SUPERVISED RELEASE for a term of 3 years; ASSESSMENT $100.00; RESTITUTION $1,046,560.00. Signed by Judge Paul W. Grimm on 12/6/2019. (Attachments: # 1 Preliminary Order of Forfeiture) (dg3s, Deputy Clerk) (Entered: 12/10/2019) |
| 12/16/2019 | 40 | | NOTICE OF APPEAL by Ming Zhang re 38 Judgment, Fee Status: CJA. (Attachments: # 1 Cover Letter, # 2 Envelope)(nu, Deputy Clerk) (Entered: 12/17/2019) |
| 12/17/2019 | 41 | | Transmission of Notice of Appeal and Docket Sheet as to Ming Zhang to US Court of Appeals re 40 Notice of Appeal – Final Judgment (nu, Deputy Clerk) (Entered: 12/17/2019) |
| 12/19/2019 | 42 | | USCA Case Number 19–4942 as to Ming Zhang for 40 Notice of Appeal – Final Judgment filed by Ming Zhang. Case Manager – Cathi Bennett. (nu, Deputy Clerk) (Entered: 12/19/2019) |
| 12/19/2019 | 43 | | ORDER of USCA (certified copy) appoints Marc Gregory Hall to represent Ming Zhang on appeal re 40 Notice of Appeal – Final Judgment (nu, Deputy Clerk) (Entered: 12/19/2019) |
| 12/30/2019 | 44 | | TRANSCRIPT ORDER Acknowledgment of USCA establishing a deadline for Court reporter Linda Marshall to 02/05/2020 for the following proceedings: Plea Hearing of 09/11/2018 and Sentencing of 12/04/2019 as to Ming Zhang re 40 Notice of Appeal – Final Judgment (Attachments: # 1 Attachment)(nu, Deputy Clerk) (Entered: 01/03/2020) |
| 01/30/2020 | 45 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ming Zhang for dates of 9–1–18 before Judge Grimm, re 40 Notice of Appeal – Final Judgment Court Reporter/Transcriber Linda Marshall, Telephone number 301–344–3229. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Does this satisfy all appellate orders for this reporter? – N. Redaction Request due 2/20/2020. Redacted Transcript Deadline set for 3/2/2020. Release of Transcript Restriction set for 4/29/2020. (lcm, Court Reporter) (Entered: 01/30/2020) |
| 01/30/2020 | 46 | | |

| | | |
|---|---|---|
| | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ming Zhang for dates of 12−4−19 before Judge Grimm, re 40 Notice of Appeal − Final Judgment Court Reporter/Transcriber Linda Marshall, Telephone number 301−344−3229. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Does this satisfy all appellate orders for this reporter? − N. Redaction Request due 2/20/2020. Redacted Transcript Deadline set for 3/2/2020. Release of Transcript Restriction set for 4/29/2020. (lcm, Court Reporter) (Entered: 01/30/2020) |
| 01/30/2020 | 47 | Sealed Document (lcm, Court Reporter) (Entered: 01/30/2020) |
| 01/30/2020 | 48 | Sealed Document (lcm, Court Reporter) (Entered: 01/30/2020) |
| 03/06/2020 | | Assembled Electronic Record Transmitted to Fourth Circuit −− Initial (nus, Deputy Clerk) (Entered: 03/06/2020) |
| 05/11/2020 | 49 | MOTION for Compassionate Release by Ming Zhang. (Attachments: # 1 Envelope)(jf3s, Deputy Clerk) (Entered: 05/11/2020) |
| 05/11/2020 | 50 | Letter to Ming Zhang re: First Step Act, Compassionate Release (cm/w/attachments 5/11/2020 − jf3s, Deputy Clerk) (Entered: 05/11/2020) |
| 05/26/2020 | 51 | JUDGMENT of USCA affirms the judgment of the district court in part; dismisses the appeal in part as to Ming Zhang re 40 Notice of Appeal − Final Judgment (Attachments: # 1 Notice of judgment, # 2 Unpublished opinion)(nus, Deputy Clerk) Modified on 5/26/2020 (nus, Deputy Clerk). (Entered: 05/26/2020) |
| 06/17/2020 | 52 | MANDATE of USCA issued as to Ming Zhang (nu, Deputy Clerk) (Entered: 06/17/2020) |
| 08/25/2020 | 53 | PAPERLESS ORDER as to Ming Zhang, memorializing communication with the Federal Public Defender's office that it does not wish to supplement the Defendant's motion and requiring the Government to respond to the Defendant's motion for compassionate release 49 by September 8, 2020. Signed by Judge Paul W. Grimm on 8/25/2020. (el2s, Chambers) (Entered: 08/25/2020) |
| 09/08/2020 | 54 | MOTION to Seal by USA as to Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) (Entered: 09/08/2020) |
| 09/08/2020 | 55 | **SEALED DOCUMENT** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Pulice, Erin) Modified on 9/9/2020 (dg3s, Deputy Clerk). (Entered: 09/08/2020) |
| 09/09/2020 | 56 | PAPERLESS ORDER GRANTING 54 Motion to Seal as to 55 Proposed Sealed Document as to Ming Zhang (1). Signed by Judge Paul W. Grimm on 9/9/2020. (ats, Chambers) (Entered: 09/09/2020) |
| 10/13/2020 | 57 | MEMORANDUM OPINION and ORDER denying without prejudice 49 MOTION for Compassionate Release as to Ming Zhang. Signed by Judge Paul W. Grimm on 10/9/2020. (c/m 10/13/2020 − dg3s, Deputy Clerk) (Entered: 10/13/2020) |
| 12/02/2020 | 58 | |

| | | | |
|---|---|---|---|
| | | | MOTION for Compassionate Release by Ming Zhang. (Attachments: # 1 Supplemental Memorandum in Support, # 2 Attachment, # 3 Envelope)(dg3s, Deputy Clerk)(Rcv'd in GB clerk's office on 12/2/2020) (Entered: 12/02/2020) |
| 12/02/2020 | 59 | | Letter to Ming Zhang re: First Step Act, Compassionate Release (c/m 12/2/2020 – dg3s, Deputy Clerk) (Entered: 12/02/2020) |
| 12/21/2020 | 60 | | Supplemental to 58 MOTION for Compassionate Release (Attachments: # 1 Envelope)(dg3s, Deputy Clerk) (Entered: 12/22/2020) |
| 12/22/2020 | 61 | | PAPERLESS ORDER as to Ming Zhang requiring the Government to respond by January 22, 2021 to 58 Motion for Compassionate Release, and allowing the Defendant to file a reply by February 12, 2021. Signed by Judge Paul W. Grimm on 12/22/2020. (imws, Chambers) (Entered: 12/22/2020) |
| 01/19/2021 | 62 | | Correspondence from Ming Zhang re: 58 Motion for Compassionate Release. (Attachments: # 1 Envelope)(jf3s, Deputy Clerk) (Entered: 01/21/2021) |
| 01/22/2021 | 63 | | RESPONSE in Opposition by USA as to Ming Zhang re 58 MOTION for Compassionate Release (Pulice, Erin) (Entered: 01/22/2021) |
| 01/22/2021 | 64 | | MOTION to Seal by USA as to Ming Zhang. (Attachments: # 1 Text of Proposed Order)(Pulice, Erin) (Entered: 01/22/2021) |
| 01/22/2021 | 65 | | **SEALED DOCUMENT** (Attachments: # 1 Exhibit 2, # 2 Exhibit 3)(Pulice, Erin) Modified on 1/25/2021 (dg3s, Deputy Clerk). (Entered: 01/22/2021) |
| 01/22/2021 | 66 | | PAPERLESS ORDER granting 64 Motion to Seal as to 65 Proposed Sealed Document as to Ming Zhang (1). Signed by Judge Paul W. Grimm on 1/22/2021. (imws, Chambers) (Entered: 01/22/2021) |
| 01/28/2021 | 67 | | Supplemental to 58 MOTION for Compassionate Release by Ming Zhang (Attachments: # 1 Envelope)(dg3s, Deputy Clerk) (Entered: 01/29/2021) |
| 02/03/2021 | 68 | | REPLY TO RESPONSE to Motion by Ming Zhang re 58 MOTION for Compassionate Release. (Attachments: # 1 Envelope)(jf3s, Deputy Clerk) (Entered: 02/04/2021) |
| 02/09/2021 | 69 | | MEMORANDUM OPINION and ORDER granting 58 MOTION for Compassionate Release as to Ming Zhang. Signed by Judge Paul W. Grimm on 2/9/2021. (c/m 2/10/2021 – dg3s, Deputy Clerk) (Entered: 02/10/2021) |
| 02/11/2021 | 70 | 25 | AMENDED JUDGMENT as to Ming Zhang (1), Count(s) 1, IMPRISONMENT for a total term of time served, upon completing a 14–day quarantine concluding with a negative COVID–19 test; SUPERVISED RELEASE for a term of 3 years; ASSESSMENT $100.00; RESTITUTION $1,046,560.00. Signed by Judge Paul W. Grimm on 2/10/2021. (dg3s, Deputy Clerk) (Entered: 02/11/2021) |
| 11/10/2021 | 72 | | Request for Modifying Conditions or Supervision with Consent as to Ming Zhang (Attachments: # 1 Attachment Prob Form 49 waiver)(Tanyita Ruley, Post Convict. Superv) (Entered: 11/10/2021) |
| 11/10/2021 | 73 | | ORDER on Request for Modifying Conditions or Supervision with Consent as to Ming Zhang. Signed by Judge Paul W. Grimm on 11/10/2021. (dg3s, Deputy Clerk) (Entered: 11/10/2021) |

| 11/17/2021 | 74 | 31 | Probation Jurisdiction Transferred to USDC for the Eastern District of Pennsylvania as to Ming Zhang Transmitted Transfer of Jurisdiction form, with copies of indictment, judgment and docket sheet. (dg3s, Deputy Clerk) (Entered: 11/17/2021) |



EBP/MHF: USAO 2017R00691

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND



| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. |
| | * PWG 18 cr 463 |
| MING ZHANG, | * (Conspiracy to Transport Stolen |
| | * Funds, 18 U.S.C. §371; Forfeiture, |
| Defendant | * 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | * § 853(p), 28 U.S.C. § 2461(c)) |
| | * |

*******

## INFORMATION

## COUNT ONE

The United States Attorney for the District of Maryland charges that:

### Introduction

1.      Defendant **MING ZHANG ("ZHANG")** was a resident of Alexandria, Virginia, and employed at Casino 1 as a dealer.

2.      Casino 1 was a casino located in Maryland. Casino 1 had a gaming floor that had various table games, including Baccarat.

3.      Baccarat is a card game in which players compare the value of two hands of cards – a "player" hand and a "dealer" hand. Each card has a point value and, before any cards are dealt, bettors place bets on which hand will be closest to nine. A "dealer," typically a casino employee, then distributes the cards between the player and dealer hands according to fixed rules. If a bettor knows the order in which cards appear in the deck, the bettor can predict the outcome of any given baccarat hand with near-perfect accuracy and place bets accordingly.



1 cc Ausit
SMP
9/6/18

9

## The Conspiracy

4.     Between no later than in or around July 2017 and in or around September 2017, in the District of Maryland and elsewhere, the defendant,

## MING ZHANG,

did knowingly conspire, confederate, and agree with Co-Conspirator A and other persons, known and unknown to the United States Attorney, to commit an offense against the United States, that is, to transport in interstate commerce any money, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. § 2314.

## Purpose of the Conspiracy

5.     It was a purpose of the conspiracy that **ZHANG** and Co-Conspirator A would enrich themselves personally.

## Manner and Means of the Conspiracy

6.     The conspiracy was carried out through the following manner and means, among others:

a.     It was part of the conspiracy that **ZHANG** notified Co-Conspirator A when **ZHANG** was scheduled to work as a baccarat dealer at Casino 1.

b.     It was further part of the conspiracy that, when Co-Conspirator A arrived at the baccarat table at which **ZHANG** was dealing, **ZHANG** exposed a portion of the baccarat deck to Co-Conspirator A.

c.     It was further part of the conspiracy that Co-Conspirator A took a picture of the deck before the cards were placed back into the shoe.

d.     It was further part of the conspiracy that Co-Conspirator A would play baccarat after photographing the unshuffled cards.

3

e.      It was further part of the conspiracy that Co-Conspirator A paid **ZHANG** money and agreed to pay **ZHANG** additional proceeds from the profits of the scheme.

f.      It was further part of the conspiracy that Co-Conspirator A transported the proceeds from this offense outside of the State of Maryland.

### Overt Acts

7.      In furtherance of the conspiracy and to achieve its purposes, **ZHANG** and his co-conspirators committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

a.      On or about September 27, 2017, in Maryland, **ZHANG** called Co-Conspirator A to inform Co-Conspirator A that **ZHANG** would be dealing baccarat at Casino 1 that evening.

b.      On or about September 27, 2017, while dealing baccarat at Casino 1, **ZHANG** exposed the deck of cards to Co-Conspirator A, thereby allowing Co-Conspirator A to record the exposed cards.

c.      On or about September 27, 2017, after exposing the cards to Co-Conspirator A, **ZHANG** then failed to shuffle that portion of the deck, placing the cards into play in the same order as they were exposed to Co-Conspirator A.

d.      On or about September 27, 2017, Co-Conspirator A and other conspirators placed large bets when the unshuffled portion of the deck came into play.

e.      On or about September 27, 2017, after his co-conspirators successfully executed their scheme at Casino 1, **ZHANG** contacted Co-Conspirator A to arrange to receive a portion of the proceeds of the scheme.

        f.      On or about September 27, 2017, Co-Conspirator A transported the

scheme proceeds outside of the State of Maryland.

18 U.S.C. § 371

5

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

2.      As a result of the offense set forth in Count One, the defendant,

### MING ZHANG,

shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to such violation.

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

> a.      cannot be located upon the exercise of due diligence;
>
> b.      has been transferred or sold to, or deposited with, a third party;
>
> c.      has been placed beyond the jurisdiction of the court;
>
> d.      has been substantially diminished in value; or
>
> e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture

of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert K. Hur / EBP

Robert K. Hur
United States Attorney

Date:  September _____, 2018

7

SRS

# United States District Court

## District of Maryland



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

**MING ZHANG**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: PWG-8-18-CR-00463-001

Defendant's Attorney: Marc Gregory Hall, CJA
Assistant U.S. Attorney: Erin Baxter Pulice and
Molissa Farber

## THE DEFENDANT:

☒ pleaded guilty to count __1 of the Information__
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy To Transport Stolen Funds | 09/28/2017 | 1 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by <u>U.S. v. Booker</u>, 543 U.S. 220 (2005).

☐ The defendant has been found not guilty on count(s) _____
☐ Counts ___ is/are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

 December 4, 2019
Date of Imposition of Judgment

_____  12/6/19
Paul W. Grimm                    Date
United States District Judge

Name of Court Reporter:  Linda Marshall

Sheet 2 - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                    Judgment Page 2 of 6

**DEFENDANT: Ming Zhang**                                             CASE NUMBER: PWG-8-18-CR-00463-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months as to Count 1**.

☒  The court makes the following recommendations to the Bureau of Prisons:
1.  That the defendant shall be designated to FCI Fort Dix, New Jersey or FCI Otisville, New York, for service of his sentence, so the defendant can be close to family.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ a.m./p.m. on _____.
☐  as notified by the United States Marshal.

☒  **The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:**

☒  **before 2pm on January 27, 2020.**

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____
DEPUTY U.S. MARSHAL

**DEFENDANT: Ming Zhang**                                            CASE NUMBER: PWG-8-18-CR-00463-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A.    MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) You must cooperate in the collection of DNA as directed by the probation officer.
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

## B.    STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Sheet 4 - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                        Judgment Page 4 of 6

**DEFENDANT: Ming Zhang**                                                    CASE NUMBER: PWG-8-18-CR-00463-001

9)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

# C.   SUPERVISED RELEASE ADDITIONAL CONDITIONS

## Financial Disclosure
☒        You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

## No New Debt/Credit
☒        You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

## Restitution – Money
☒        Pay outstanding monetary restitution imposed by the Court to the victims in the amount of $1,046,560 from any wages he may earn through the Bureau of Prisons, as well as in monthly installments of $200.00 commencing 30 days from the start of supervision.  Restitution payments shall be paid to the Clerk, U.S. District Court, 6500 Cherrywood Lane, Suite 200, Greenbelt, MD 20770, for distribution to the victim.

## Special Assessment
☒        Pay special assessment $100.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

18

Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                   Judgment Page 5 of 6

**DEFENDANT: Ming Zhang**                                                    CASE NUMBER: PWG-8-18-CR-00463-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 5B.

|  | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $100.00 | $ N/A | Waived | $1,046,560.00 |

☐ CVB Processing Fee $30.00

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, US District Court<br>6500 Cherrywood Lane<br>Greenbelt, MD 20770<br>For disbursement to victim(s) |  | $1,046,560.00 |  |

| **TOTALS** | $ _____ | $ 1,046,560.00 | |
|---|---|---|---|

☒ Restitution amount ordered pursuant to plea agreement    1,046,560.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**DEFENDANT: Ming Zhang**　　　　　　　　　　CASE NUMBER: PWG-8-18-CR-00463-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A　☒　$100.00 Special Assessment fee shall be paid in full immediately.

B　☐　$_____ immediately, balance due (in accordance with C, D, or E); or

C　☐　Not later than _____; or

D　☐　Installments to commence _____ day(s) after the date of this judgment.

E　☐　In _____ (*e.g. equal weekly, monthly, quarterly*) installments of $_____ over a period of _____ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

☐　**NO RESTITUTION OR OTHER FINANCIAL PENALTY SHALL BE COLLECTED THROUGH THE INMATE FINANCIAL RESPONSIBILITY PROGRAM**.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

　　☐　in equal monthly installments during the term of supervision; or

　　☐　on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☒　Joint and Several

　　**Joint and Several Liability on Restitution with the following Defendant:**

　　**Chenguang Ni in No. PWG-18-481**

☐　The defendant shall pay the cost of prosecution.

☐　The defendant shall pay the following court cost(s):

☒　The defendant shall forfeit the defendant's interest in the following property to the United States:
　　**See Attached Order of Forfeiture**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. PWG-18-463** |
| | ) | |
| MING ZHANG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on September 6, 2018, the United States of America filed an Information, charging Ming Zhang (the "Defendant") with Conspiracy to Transport Stolen Funds, in violation of 18 U.S.C. § 371 (Count One);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant, of the offense alleged in the Information;

WHEREAS, on September 11, 2018, the Defendant pled guilty to the offense alleged in Count One of the Information;

WHEREAS, as part of his guilty plea, the Defendant agreed to forfeit to the United States all right, title and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of at least $1,000 in U.S. currency in the form of a money judgment (the "Subject Property");

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty.

1.      Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c).

2.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

3.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

4.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

5.      Pursuant to Rule 32.2(c)(1), no such notice or ancillary proceeding is necessary, however, to the extent that this Order consists solely of a judgment for a sum of money.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

10. Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to

enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure if the United States locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p).

11.     The value of any substitute assets shall be credited toward the satisfaction of the money judgment.   Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

12/4/19

Hon. Paul W. Grimm
United States District Judge

Dated: _____

4

SRS

# United States District Court

## District of Maryland

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

**MING ZHANG**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)
Case Number: PWG-8-18-CR-00463-001
USM Number: N/A
Defendant's Attorney: N/A
Defendant: Ming Zhang, Pro Se
Assistant U.S. Attorney: Erin Baxter Pulice
Date of Original Judgment: December 4, 2019
(*or date of last amended judgment*)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) <u>1 of the Information</u>.
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy To Transport Stolen Funds | 09/28/2017 | 1 |

The defendant is adjudged guilty of the offense(s) listed above and sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by <u>United States v. Booker</u>, 543 U.S. 220 (2005).

☐ The defendant has been found not guilty on count(s) _____.
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

February 9, 2021
Date of Imposition of Judgment

2/10/2021

Paul W. Grimm                                    Date
United States District Judge

Name of Court Reporter: Linda Marshall

**DEFENDANT: MING ZHANG**                    CASE NUMBER: PWG-8-18-CR-00463-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **time served**, upon completing a 14-day quarantine concluding with a negative COVID-19 test.

☐   The court makes the following recommendations to the Bureau of Prisons:


☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ a.m./p.m. on _____.
    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

    ☐   before 2 p.m. on _____.
    ☐   _____
       _____


**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

### RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.


                                      _____
                                        UNITED STATES MARSHAL

            By:    _____
                                          DEPUTY U.S. MARSHAL

**DEFENDANT: MING ZHANG**                              CASE NUMBER: PWG-8-18-CR-00463-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>3 years.</u>

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A.   MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) You must cooperate in the collection of DNA as directed by the probation officer.
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

## B.   STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

| DEFENDANT: MING ZHANG | CASE NUMBER: PWG-8-18-CR-00463-001 |
|---|---|

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13) You must follow the instructions of the probation officer related to the conditions of supervision.

## C. SUPERVISED RELEASE ADDITIONAL CONDITIONS

**ALL PREVIOUSLY IMPOSED TERMS AND CONDITIONS OF SUPERVISED RELEASE REMAIN IN FULL FORCE AND EFFECT.**

### Location Monitoring Program

☒ You will be monitored by the form of location monitoring technology indicated below for a period of **71 days**, and you must follow the rules and regulations of the location monitoring program.

_X_ Location monitoring technology at the discretion of the probation officer.

This form of location monitoring technology will be used to monitor the following restriction on your movement in the community:

_X_ You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

### Financial Disclosure

☒ You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

### No New Debt/Credit

☒ You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

### Restitution – Money

☒ Pay outstanding monetary restitution imposed by the Court to the victims in the amount of $1,046,560 from any wages he may earn through the Bureau of Prisons, as well as in monthly installments of $200.00 commencing 30 days from the start of supervision. Restitution payments shall be paid to the Clerk, U.S. District Court, 6500 Cherrywood Lane, Suite 200, Greenbelt, MD 20770, for distribution to the victim.

### Special Assessment

☒ Pay special assessment $100.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: MING ZHANG                                                    CASE NUMBER: PWG-8-18-CR-00463-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 5B.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 1,046,560.00 | $Waived | $ N/A | $ N/A |

☐   CVB Processing Fee $30.00

☐   The determination of restitution is deferred until_____      An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, US District Court 6500 Cherrywood Lane Greenbelt, MD 20770 For disbursement to victim(s) | | $1,046,560.00 | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ ___1,046,560.00___ | |

☒   Restitution amount ordered pursuant to plea agreement         $ ___1,046,560.00___

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the         ☐   fine      ☐   restitution

   ☐   the interest requirement for the      ☐   fine      ☐   restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**DEFENDANT: MING ZHANG**                                      CASE NUMBER: PWG-8-18-CR-00463-001

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  $100.00 Special Assessment fee shall be paid in full immediately.

B  ☐  $_____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  Not later than _____; or

D  ☐  Installments to commence _____ day(s) after the date of this judgment.

E  ☐  In _____(*e.g. equal weekly, monthly, quarterly*) installments of $_____ over a period of _____ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

☐  **NO RESTITUTION OR OTHER FINANCIAL PENALTY SHALL BE COLLECTED THROUGH THE INMATE FINANCIAL RESPONSIBILITY PROGRAM**.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐  in equal monthly installments during the term of supervision; or

☐  on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:
☒  Joint and Several

| Case Number<br>Defendant and Co-Defendant<br>Names *(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| **Ming Zhang in No.PWG-8-18-<br>CR-00463-001; Chenguang Ni in<br>No. PWG-18-481** | | $1,046,560.00 | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
Order of Forfeiture entered by this Court on 12/4/2019 (ECF No. 32).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

30

| PROB 22 (Rev. 2/88) | TRANSFER OF JURISDICTION | DOCKET NUMBER *(Tran. Court)* PWG-8-18-CR-00463-001 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* 21cr437 - File |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT Maryland | DIVISION Baltimore |
|---|---|---|

Ming Zhang

| | NAME OF SENTENCING JUDGE Paul W. Grimm |
|---|---|

| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 02/22/2021 | TO 02/21/2024 |
|---|---|---|---|

**OFFENSE**

Conspiracy To Transport Stolen Funds
Sentencing Date: 12/04/2019

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Eastern District of Pennsylvania upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

November 10, 2021
*Date*

*United States District Judge*

Paul W. Grimm

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

11/17/2021
*Effective Date*

*Eduardo C. Robreno*
*United States District Judge*